Nott, J.,
dissenting:
I agree with tbe opinion of tbe court as to tbe construction given to the Abandoned and Captured Property and tbe Confiscation Acts, and as to tbe right of tbe claimant to recover tbe proceeds of bis property now in tbe Treasury, and with tbe opinion of Mr. Justice Richardson as to tbe merits of this particular case ; but I am also of tbe opinion that tbe court is without jurisdiction to bear and determine a suit under tbe. statute for a fund wbicb is neither actually nor constructively in tbe Treasury, and this for tbe following reasons:
I. Tbe suit is not of tbe nature of an action of indebitatus assumpsit nor of any action at law. Tbe position of tbe Government under tbe Abandoned, or Captured, Property Act (12 Stat. L., p. 820) is that of a trustee in equity, irresponsible for tbe acts of bis agents who assist him in administering tbe trust. Tbe cause of action is ex mera gratia; no consideration passed to tbe Government; tbe property was not taken for public use tbe custody of tbe property after capture was for tbe benefit of tbe owner ; no implied contract arises from tbe transaction ; no personal guaranty against losses can be predicated against tbe trustee either from tbe terms of tbe statute or tbe natur<y of tbe trust. (Wylie’s Case 6 C. Cls. R., 295; Cone’s Case 8 id., *58 329; Bynam's Case, 8 id., 440; Thomas' Motion, 12 id., 273; Haycraft’s Case, 22 Wall., 81.)
II. The judgment to be rendered for this diverted trust fund must be satisfied either out of the captured property fund remaining in the Treasury or out of moneys appropriated by Congress for the ordinary judgments of the court springing out of the obligations of the United States as contractors.
As to the former :
By the decision of the Supreme Court in Klein’s Case (7 0, Oís. R, 240) it was settled that “under the Abandoned or Captured Property Act” “the government constituted itself the trustee for those who were by that act declared entitled to the proceeds of captured and abandoned property and for those whom it should thereafter recognize as entitled”; that “the title to the proceeds of the property which came to the possession of the Government by capture” “was in no case divested out of the original owner,” except such as was used for carrying on war; and that it remains with the Government itself to determine whether proceeds still in the Treasury shall be restored to the outstanding owners or not. Such being the status of the fund, it would be contrary to equity to take one man’s money to pay another man’s judgment; and the fact that the trustee still has somebody’s money in its possession gives the court no power to decree payment of the claimant’s losses out of trust-money belonging in equity to other persons not before the court.
As to the latter:
In the absence of legislation assuming such losses, and in the absence of a contract express or implied imposing an obligation upon the Government, the court is without jurisdiction to render a judgment which will hold the Government to a personal responsibility in the matter, and make it respond in damages payable out of moneys derived from taxation, and appropriated for the payment of its legal debts.
III. The distinction between this case and Brown’s (6 C. Cls. R., 171) and O’Grady’s (10 id., 134, 22 Wall., 641) is that there the Government withheld moneys which had been decreed to be the claimants,’ and by so doing became liable on an implied contract as for moneys withheld and applied to its own uses and purposes; while here the diverted fund was applied to no use or purpose of the Government, but was paid away *59 through a mistake of an officer for whose errors tbe Government as trustee reaped no benefit, actual or constructive, bad given no guaranty, and assumed no liability.
Tbe distinction between tbis case and Sevier’s (7 C. Cls. B., 587) is tbat there tbe decision came before tbat of tbe Supreme Court in Klein’s Case, and consequently rested upon what we must now regard as a false premise, viz, tbat tbe property in all cotton passed absolutely by capture to tbe Government, with an equitable reservation in tbe nature of a compact in favor of those few persons who, adhering to tbe compact, never gave .aid or comfort in fact to tbe rebellion. Upon tbat premise, it was properly held tbat tbe Government, not being trustee for .all owners, could not evade tbe obligations of its compact to pay a loyal claimant tbe proceeds of bis property by setting up tbe mistakes or negligences of its law officers.